UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN SANDRI,
individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.                                                    Case No. 18-C-1182

ASSET RECOVERY SOLUTIONS LLC, et al.,

        Defendants.

## ORDER DENYING MOTION TO DISMISS AND
## DENYING MOTION TO SHOW CAUSE

Plaintiff John Sandri filed this action against Defendants Asset Recovery Solutions, LLC (ARS), an Illinois limited liability company; Bureaus Investment Group Portfolio No. 15, LLC (Bureaus), an Illinois limited liability company; and John Does alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, for making false, deceptive, and misleading statements to consumers regarding debts. This matter is before the court on Defendants ARS and Bureaus' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing. ECF No. 10. Defendants claim Sandri lacked standing to bring the action because the FDCPA claim did not belong to him but was part of his bankruptcy estate at the time it was filed. In response to Defendants' motion, Sandri claims that his FDCPA claim was exempt and never part of his bankruptcy estate. Sandri also filed a Civil L.R. 7(h) cross-motion seeking attorneys' fees on the ground that Defendants lacked a proper basis for filing their motion

to dismiss and acted improperly in attempting to settle the case with the trustee of Sandri's bankruptcy estate. ECF No. 12. For the reasons that follow, Defendants' motion to dismiss will be denied and Sandri's cross motion will be denied.

## BACKGROUND

The following facts, taken from the complaint and the uncontested portions of the parties' filings, are presumed true for purposes of deciding the motion before the court. Prior to filing his complaint in this case on behalf of himself and a purported class on August 1, 2018, Sandri and his spouse filed a joint voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701, *et seq.*, on July 17, 2018. *In re: John Glenn Sandri, et al.*, Case No. 18-26910-beh (Bankr. E.D. Wis. 2018). In the petition, Sandri listed his FDCPA claim against Defendants as an asset, ECF No. 10-1 at 14, and claimed it as exempt. *Id*. at 19. Pursuant to 11 U.S.C. § 341, a meeting of creditors was scheduled and subsequently held on August 23, 2018. Following the § 341 meeting Larry Liebzeit, the trustee of the bankruptcy estate, filed his Chapter 7 Trustee's Report of No Distribution on the same day.

After filing its motion to dismiss on September 21, 2018, Defendants' counsel called Liebzeit in an effort to settle Sandri's claims against Defendants. Liebzeit tentatively agreed to the settlement, but in reply to an email from Defendants' counsel confirming their telephone conversation, stated "Actually the settlement agreement should be with debtor's counsel as it has been claimed as exempt." ECF No. 15-2. Later that day, Defendants filed a supplement to their motion to dismiss wherein they stated they had reached a tentative settlement with Liebzeit regarding the claims in this case. ECF No. 11.

In reaction to news of the tentative settlement, Sandri's counsel called Trevor Pedersen, Sandri's bankruptcy counsel, and Liebzeit. After Liebzeit later returned counsel's call on September

2

24, 2018, Sandri's FDCPA counsel sent Liebzeit a summary of their conversation for Liebzeit to confirm. Summarizing his interaction with Defendants' counsel in his response, Liebzeit stated:

> There was a phone call and I believe an email that I responded to, but deleted, that the claim was exempt and that debtor's counsel would be the proper person involved. It also has been removed from the estate, as no objection to the exemption was made w/I 30 days of the 341 hearing. The claims are therefore his alone to claim.

ECF No. 13-2 at 2.

On September 25, 2018, Defendants' counsel emailed Liebzeit and Pedersen a proposed settlement agreement. Liebzeit, who included Sandri's counsel in this case in his reply, stated that since the claim against Defendants was claimed as exempt and more than thirty days had passed since the § 341 meeting, Sandri's claim was no longer a part of the estate. Sandri filed his response to Defendants' motion to dismiss and his cross-motion for an order to show cause on September 27, 2018. Sandri's bankruptcy case was closed the following month on October 29, 2018.

**ANALYSIS**

**A.     Sandri's Standing**

Defendants challenge Sandri's standing, arguing that his FDCPA claim belonged to his bankruptcy estate at the time he filed this action and therefore could only have been brought by the bankruptcy estate trustee. Sandri argues in response that because the claim was listed as exempt and an order of no distribution was entered, it is not a part of the bankruptcy estate. Alternatively, even if the claim remained a part of the estate despite being claimed as exempt, Sandri argues that he still has standing because the estate has since abandoned his claim.

A plaintiff's standing is essential to a court's jurisdiction to hear a suit. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). "Article III of the Constitution confines the federal courts to adjudicating actual cases or controversies, U.S. Const. art. III, § 2." *Parvati Corp. v. City of Oak*

3

*Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010). At issue here is whether Sandri is asserting a legal right or interest that belongs to him. "[T]he plaintiff generally must assert her own legal rights and interests; she cannot rest her claim to relief on the legal rights or interests of third parties." *FMC Corp. v. Boesky*, 852 F.2d 981, 988 (7th Cir. 1988) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). "[S]tanding must be present at all stages of the litigation." *Parvati*, 630 F.3d at 516.

Sandri has standing because his interest in his claim was abandoned by the bankruptcy estate, retroactively reverting ownership of it back to him as of the date he filed his petition, July 17, 2018, prior to the start of this action. "[T]he effect of a trustee's abandoning a claim is to revest the ownership of it in the debtor." *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 617 (7th Cir. 2002). "When property of the bankrupt is abandoned, the title 'reverts to the bankrupt, nunc pro tunc, so that he is treated as having owned it continuously.'" *Id.* (quoting *Wallace v. Lawrence Warehouse Co.*, 338 F.2d 392, 394 n.1 (9th Cir. 1964)). "Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C. § 554(c). Sandri's claim was scheduled and was not otherwise administered at the time his bankruptcy case was closed on October 29, 2018. *In re: John Glenn Sandri, et al.*, Case No. 18-26910-beh (Bankr. E.D. Wis. 2018). Consequently, Sandri's claim in this case was abandoned by the estate and ownership of his claim effectively reverted back to him as of the date he initially filed his petition, prior to when he commenced this case on August 1, 2018. Thus, Sandri has standing because he is asserting his own legal right and interest, not one that belongs to the bankruptcy estate, and is treated as if he possessed that right continuously since he filed his bankruptcy petition.

4

**B.  Motion to Show Cause**

In his response to Defendants' motion to dismiss, Sandri concurrently filed a cross-motion demanding that Defendants show cause why they filed their motion despite the fact that Sandri listed his FDCPA claim as exempt in his bankruptcy proceedings and what basis they had for trying to reach settlement with the trustee of Sandri's bankruptcy estate. In the event Defendants fail to show cause, Sandri requests fees for responding to their motion to dismiss and in bringing its motion to show cause.

The mere fact that Sandri listed his FDCPA claim as exempt on his bankruptcy petition does not mean he retained standing to assert it. "When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate, *see* 11 U.S.C. § 541, subject to the debtor's right to reclaim certain property as 'exempt,' § 522(l )." *Schwab v. Reilly*, 560 U.S. 770, 774 (2010). Although Sandri listed his claim in this case as exempt, "[e]ven property that is entitled to be exempted is initially regarded as estate property until it is claimed and distributed as exempt." *In re Doyle*, 209 B.R. 897, 905 (Bankr. N.D. Ill. 1997). "No property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate. Section 522(b) provides that the debtor may exempt certain property 'from property of the estate'; obviously, then, an interest that is not possessed by the estate cannot be exempted." *Owen v. Owen*, 500 U.S. 305, 308 (1991).

As a result, Sandri's assertion that his claim "was never part of [Sandri]'s bankrupt estate," Pl.'s Resp. at 2, ECF No. 12, is incorrect. Although Sandri had already claimed his interest in this case at the time he filed the lawsuit on August 1, 2018, pursuant to Fed. R. Bankr. P. 4003, his claim was not distributed as exempt, and thus still belonged to the bankruptcy estate, until September 22, 2018, one day *after* Defendants contacted Liebzeit and filed their supplemental motion.

5

Accordingly, Defendants' attempt to settle the matter on September 21, 2018 with the trustee of Sandri's bankruptcy estate was not improper as the claim was still a part of the estate at that time.

Defendants' challenge to Sandri's standing was also legitimate at the time it was filed because only the trustee of Sandri's bankruptcy estate had standing at the time: "In liquidation proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the estate." *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472 (7th Cir. 1999). Unlike a claim that is abandoned, a claim that is exempted does not retroactively revert the property interest back to the date the original property owner claimed the property as exempt. That is because "[w]hile abandonment of a claim by a trustee may retroactively provide a debtor with standing, claiming an exemption does not have an equivalent effect, as several courts have found." *Yelverton v. D.C.*, 529 B.R. 1, 4 (D.D.C. 2014) (collecting cases). Until Sandri's claim was abandoned by the estate on October 22, 2018, Defendants were correct that Sandri lacked standing and its motion had merit. Accordingly, Defendants had good cause for filing their motion to dismiss and for attempting to settle the case with the bankruptcy estate trustee at the time they did so.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 10) is **DENIED** and Sandri's motion to show cause (ECF No. 12) is also **DENIED**.

**SO ORDERED** this  1st  day of November, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court