**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

JOHN SANDRI, individually and on behalf
of all others similarly situated,

        Plaintiff,

        *vs.*                                   Case No. 1:18-cv-01182-WCG

ASSET RECOVERY SOLUTIONS, LLC, an
Illinois limited liability company; *et al.*,

        Defendants.

## PRELIMINARY APPROVAL ORDER

The Court, having considered Plaintiff's motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Plaintiff, John Sandri, individually and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Asset Recovery Solutions LLC ("Asset Recovery").

**WHEREFORE**, for purposes of this Class Action Settlement and based upon the Parties' stipulations as set forth therein, with respect to certifying this action as a class action for settlement purposes the Court finds:

A.     The Settlement Class is so numerous that joinder of all members is impracticable;

B.     There are questions of law and fact common to the Settlement Class.

C.     Plaintiff's individual claims are typical of the Settlement Class claims;

D.     Plaintiff is an appropriate and adequate representative for the Settlement Class;

E.     The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

F. A class action is superior to other methods for fairly and efficiently settling this controversy;

G. With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, STERN•THOMASSON LLP, has, and will continue to, fairly and adequately represent the interests of the Settlement Class;

H. In accordance with Fed. R. Civ. P. 23(e)(1), the Parties have provided the Court with information sufficient to enable the Court to determine that notice of the Settlement should be provided to the Class, and the Parties having shown that the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the Agreement; and

I. The Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1. For the purpose of giving notice to the Class and allowing the Court to conduct a hearing pursuant to Fed. R. Civ. P. 23(e)(2), but subject to such hearing and conditioned on the Court approving the Agreement after finding it is fair, reasonable, and adequate, the Court hereby:

   (a) Adopts the following definition of the Class as is set forth in the Agreement:

   > All persons to whom Asset Recovery Solutions, LLC mailed an initial written communication to an address in the State of Wisconsin, during the period of August 1, 2017 through August 22, 2018, which made a settlement offer for a debt owed to Bureaus Investment Group Portfolio No. 15 LLC, and which stated "[s]hould you choose not to accept this offer, the account balance may periodically increase due to the addition of accrued interest as provided in your agreement with the original creditor."

(b) defines the "Class Claims" as those FDCPA claims arising from Asset Recovery's collection letter in the form of Exhibit A to Plaintiff's Complaint [Doc. 1];

(c) appoints Plaintiff as the Class Representative;

(d) appoints STERN•THOMASSON LLP as Class Counsel;

(e) appoints Class-Settlement.com as the Settlement Administrator to send notice of the Settlement to Class Members and administer the Settlement; and

(f) Approves the form of Class Notice attached as Exhibit 1 to the Agreement and directs the Settlement Administrator to mail it to the last known address of Class Members as shown in Asset Recovery's business records. The Settlement Administrator will cause the Class Notice to be mailed to Class Members on or before **May 3, 2019** (21 days from the date of this Order). The Settlement Administrator will send the notice by any form of U.S. Mail providing forwarding addresses.

2. The Court finds that mailing of the Class Notice, and the Parties' notice plan, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

3. Class Members shall have until **June 17, 2019** ("Class Response Deadline"), to exclude themselves from, or object to, the Settlement.

(a) Class Members desiring to exclude themselves from the action must serve a written request on the Settlement Administrator.

(b) Class Members who wish to object to the Settlement must submit a written objection to the Clerk of the United States District Court for the Eastern District of Wisconsin and serve of a copy on the Settlement Administrator. In accordance

with Fed. R. Civ. P. 23(e)(5)(A), a Class Member's "objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." All objections must be in writing and personally signed by the Class Member and include: (1) the objector's name, address, telephone number, and last four digits of their Social Security Number; (2) a sentence stating that to the best of his/her knowledge s/he is a member of the Settlement Class; (3) the name and number of the case: Sandri v. Asset Recovery Solutions LLC, Case No. 1:18-cv-01182-WCG; (4) the factual basis and legal grounds for the objection to the Settlement, and whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (5) the identity of any witnesses whom the objector may call to testify at the Final Fairness Hearing; and (6) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The objection must indicate whether the Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a Notice of Appearance of Counsel with the Clerk of the Court no later than the Class Response Deadline and shall include the full caption and case number of each previous class action case in which that lawyer(s) has represented an objector.

(c) To be effective, any request for exclusion or objection must be postmarked by the Class Response Deadline or, if not sent by mail, must be received by the Settlement Administrator and/or Clerk by the Class Response Deadline.

4. If not already filed, Asset Recovery shall, within 7 days of this Order, file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

5. A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on __**July 26, 2019**__, at **9:30 a.m.**

**SIGNED AND ENTERED** this 12th day of April, 2019.

          s/ William C. Griesbach
          WILLIAM C. GRIESBACH, Chief Judge
          United States District Court