# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN SANDRI, individually and on behalf
of all others similarly situated,

           Plaintiff,

           *vs.*           Case No. 1:18-cv-01182-WCG

ASSET RECOVERY SOLUTIONS, LLC, an
Illinois limited liability company; *et al.*,

           Defendants.

## AMENDED FINAL APPROVAL ORDER AND JUDGMENT

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, John Sandri, individually and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Asset Recovery Solutions LLC ("Asset Recovery"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, the Class Members, and Asset Recovery.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons to whom Asset Recovery Solutions, LLC mailed an initial written communication to an address in the State of Wisconsin, during the period of August 1, 2017 through August 22, 2018, which made a settlement offer for a debt owed to Bureaus Investment Group Portfolio No. 15 LLC, and which stated "[s]hould you choose not to accept this offer, the account balance may periodically increase due to the addition of accrued interest as provided in your agreement with the original creditor."

3. This Court finds, the materials filed by the Parties in support of the Motion: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class members, and included whether or not Asset Recovery allegedly violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.§ 1692, *et seq*. by mailing consumers initial

collection letters to collect alleged defaulted and charged-off credit card debts, on behalf of Bureaus Investment Group Portfolio No. 15 LLC, which made a settlement offer for a debt owed to, and which stated "[s]hould you choose not to accept this offer, the account balance may periodically increase due to the addition of accrued interest as provided in your agreement with the original creditor"; (C) Plaintiff's claim is typical of the Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and his attorneys, Stern•Thomasson LLP, are hereby appointed Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 723 Class Members by Class-Settlement.com, the third-party settlement administrator ("Administrator"). A total of 68 envelopes were returned by the United States Postal Service, 27 of which were successfully re-mailed to forwarding addresses.

5. On July 26, 2019, the Court held a fairness hearing to which all Class Members, including any with objections, were invited. No Class Members requested exclusion, and no objections were received, filed, or voiced at the hearing. The Parties reported they had not yet reached an agreement concerning the amount of Class Counsels' fees and costs as provided in the Agreement [Doc. 28-1, ¶12], but that they would continue their efforts to resolve the issue and submit it to the Court.

6. Accordingly, on July 31, 2019, the Court entered an Order [Doc. 38] granting final approval of the Settlement and set a briefing schedule for Class Counsel to file a Motion for Attorney's Fees and Costs—not to exceed $65,000.00—by September 3, 2019 [*ibid.*, ¶12]; the Court subsequently extended the deadline to October 3, 2019, due to the Parties' ongoing discussions to resolve Class Counsels' fees and costs [Doc. 39, ¶3 and Doc. 40].

7. On September 13, 2019, the Parties reached an agreement to resolve the amount of Class Counsels' fees and costs to be awarded by the Court, which was reduced to a stipulation and filed with the Court [Doc. 41.] The Court finds the Agreement [Doc. 28-1], including the Parties' stipulation [Doc. 41] to resolve the amount of Class Counsels' attorneys' fees and costs, is fair, reasonable, and made in good faith.

8. The Court further finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

9. The Court finds the Settlement including the Parties' stipulation [Doc. 41] is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Asset Recovery. Specifically, the Court finds: (A) Plaintiff, as Class representative, and Class Counsel have adequately represented the class; (B) the Agreement was negotiated at arm's length; (C) the relief provided to the Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method for distributing relief to the Class, (iii) the terms regarding an award of Class Counsel attorneys' fees and costs, and (iv) the Agreement; and (D) the Agreement equitably treats Class Members relative to each other.

10. Upon the Effective Date, as defined in the Agreement, Asset Recovery shall:

(a) Create a class settlement fund of $12,000.00, which Class Counsel through the Administrator will distribute *pro rata* to each Class Member whose Class Notice was not returned as undeliverable and who did not him/herself from the Settlement. Class Members will receive their share of the Class Recovery by check, which shall become void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery will be disbursed in the following order: (i) to pay the costs associated with providing notice to Class Members and administering the Class Recovery; and (ii) any remainder donated as a *cy pres* award to Legal Action of Wisconsin.

(b) Pay Plaintiff $2,000.00.

(c) Pursuant to the Parties' Stipulation [Doc. 41-1], Asset Recovery shall pay Class Counsel $35,000.00 for their attorneys' fees and costs incurred in the action based on their submitted hourly rates and time expended. Class Counsel shall not request additional fees or costs from Asset Recovery or the Class Members.

11. The Parties grant the following releases:

(a) Plaintiff, including each and every one of his agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), releases and discharges Asset Recovery and Bureaus Investment Group Portfolio No. 15 LLC, as well as their respective predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, insurers, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time through the date of the Agreement.

(b) Each Class Member who did not exclude themselves from the Settlement hereby releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to Asset Recovery's collection letter attached as Exhibit A to Plaintiff's Complaint [Doc. 1].

(c) Plaintiff and each Class Member DO NOT release any defense they may have with respect to the underlying debts Asset Recovery was attempting to collect, including (i) whether any debt is in fact owed, (ii) the crediting of payments on any debt, or (iii) the proper reporting of debts to credit bureaus.

(d) Asset Recovery does NOT release its claims, if any, against Plaintiff or any Class Member for the payment of their alleged debts. The underlying debts Asset Recovery sought to collect are unaffected by the Settlement. The Settlement does not prevent Asset Recovery from continuing to attempt to collect the debts allegedly owed by Class Members.

12. The Court finds the Agreement including the Parties' stipulation [Doc. 41] is fair and made in good faith.

13. The terms of the Agreement, including the Parties' stipulation [Doc. 41], are incorporated into this Order. This Amended Order shall operate as a final judgment and

dismissal without prejudice of the claims in this action including Class Counsels' award of attorneys' fees, costs and expenses.

14. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

15. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this Order.

16. The Parties are ordered to comply with the Agreement terms and this Order.

**SIGNED AND ENTERED** this 19th Day of September, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge,
United States District Court